UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEANNA M. B.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:21-CV-5698-DWC

ORDER

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI")). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not harmfully err when he evaluated the medical opinion evidence; nor did the ALJ err in evaluating Plaintiff's subjective symptom testimony, in evaluating a lay witness statement, or in determining Plaintiff's residual functional capacity ("RFC"). Thus, the Court affirms.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On January 30, 2019, Plaintiff filed an application for SSI, alleging disability as of June 10, 2018. *See* Dkt. 8, Administrative Record ("AR") 19. The application was denied upon initial administrative review and on reconsideration. *See* AR 65, 77. A hearing was held before ALJ Allen Erickson on July 9, 2020. *See* AR 33–64. In a decision dated August 3, 2020, the ALJ determined Plaintiff to be not disabled. *See* AR 16–32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 5–10; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) evaluating the medical opinion evidence; (2) evaluating Plaintiff's subjective testimony; (3) evaluating a lay witness statement; and (4) finding Plaintiff could perform other work at step five of the sequential evaluation. Dkt. 13, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ Properly Evaluated the Medical Opinion Evidence.**

Plaintiff avers that the ALJ erred in evaluating a medical opinion from Brent Packer, M.D. Dkt. 13, p. 4. Plaintiff summarizes much of the rest of the medical evidence, but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed herein. Dkt. 13, pp. 2–4. The Court will not consider matters that are not

"'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

Plaintiff also appears to assign error to the ALJ's evaluation of medical opinions from J.D. Fitterer, M.D., and Amit Joshi, M.D., contending that the opinions are "entitled to little weight." Dkt. 13, p. 5. However, as Plaintiff notes, the ALJ did not fully accept the opinions of Dr. Fitterer and Dr. Joshi regarding Plaintiff's limitations. *Id.* Plaintiff does not point to specific information in these opinions that she alleges to have been erroneously credited in the ALJ's decision. Thus, it is not clear what additional relief Plaintiff seeks with regard to the ALJ's evaluation of these opinions. The Court will consider only the ALJ's evaluation of the opinion from Dr. Packer.

**A. Medical Opinion Standard of Review**

For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017). The Ninth Circuit has recently interpreted the impact of the new regulations on existing Circuit case law. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

Under the old regulations, in order to reject either a treating or an examining physician's opinion, ALJs were required to "provide 'clear and convincing reasons,' if the opinion [was] uncontradicted by other evidence, or 'specific and legitimate reasons' otherwise[.]" *Id.* In *Woods*, the Ninth Circuit held that "[t]he revised social security regulations [were] clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods*, 32 F.4th at 792. "Insisting

that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations." *Id.*

Under the revised regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[ ], the more persuasive the medical opinions ... will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[ ] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[ ] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The Ninth Circuit has instructed ALJs, in composing disability determination decisions, "to use these two terms of art—'consistent' and 'supported'—with precision." *Woods*, 32 F.4th at 794 n.4. Thus, even under the new regulations "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Although *Woods* made clear that the hierarchy among physicians' opinions no longer applies in this Circuit, the court did not address whether the new regulations upend the entire body of caselaw relating to medical evidence. The Court therefore concludes that the reasoning from cases unrelated to the treating physician rule remains good law. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *See Ghanim v.*

*Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion evidence that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

**B. Opinion of Dr. Packer**

On November 29, 2018, Dr. Packer reviewed Plaintiff's medical records and diagnosed Plaintiff with a Chiari I malformation, severity 5/5. AR 360. Dr. Packer opined that Plaintiff would have marked limitations with respect to postural restrictions as well as timeliness,

compliance with a schedule, and punctuality within customary tolerances. AR 359. In addition, Dr. Packer opined that Plaintiff would be unable to perform any work beyond the sedentary exertional level. *Id.*

The ALJ found this opinion to be unpersuasive, reasoning that it was inconsistent with unremarkable contemporaneous neurologic exams and other unremarkable neurologic exams in the record. AR 25 (citing AR 284, 368, 376, 447, 518, 524, 629, 647, 656, 660, 670, 672, 678, 697, 700, 737). The Court has carefully reviewed the records upon which the ALJ relied and is satisfied of their consistency with the ALJ's conclusion. In the contemporaneous examinations, Plaintiff's neurologist, Dr. Miller, found Plaintiff's cranial nerves to be fully intact. AR 368, 376. Other neurologic examinations, though less detailed, had similar results. *See, e.g.* AR 284, 660, 678, 700. Plaintiff, in attacking the ALJ's finding, simply states that "the ALJ fails to acknowledge that Dr. Packer's opinion is consistent with Dr. Miller's findings and with the MRI evidence," referring to other records which document the existence of Plaintiff's Chiari I malformation. Dkt. 13, pp. 2–4. However, the ALJ's decision did not omit discussion of these records; indeed, the ALJ relied upon Dr. Miller's cranial nerve examinations in evaluating Dr. Packer's opinion. AR 25 (citing AR 368, 376). Plaintiff does not direct the Court's attention to any objective medical evidence regarding Plaintiff's limitations that conflicts with the ALJ's conclusion; rather, Plaintiff simply points to evidence that merely shows she has a Chiari I malformation, an impairment which the ALJ acknowledged to be severe. *See* Dkt. 13, p. 5; AR 21. Merely presenting the evidence in a more favorable light to Plaintiff is insufficient to establish error in the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's

actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). This Court will uphold the ALJ's findings if inferences reasonably drawn from the record support them, even when the evidence is susceptible to more than one rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Here, the ALJ reasonably concluded Dr. Packer's opinion was inconsistent with other evidence in the record, substantial evidence supports the ALJ's findings, and Plaintiff does not show error.

**II. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony.**

Plaintiff next assigns error to the ALJ's evaluation of her subjective symptom testimony. Dkt. 13, pp. 5–10.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971), and *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* Social Security Ruling 86-8, 1986 WL 68636, at *8.

Nevertheless, the ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715,

722 (9th Cir. 1998) (*citing Bunnell*, 947 F.2d at 343, 346–47. In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

In a function report dated February 5, 2019, Plaintiff alleged blurry eyesight, intermittent burning pain in her arms and thighs, and migraines, right ankle swelling and back pain that occurred when walking. AR 196. At the hearing, Plaintiff testified when she had headaches, she could not get out of bed and that her headaches, which occurred "almost every day," could last from days to months, rating the impact of her headaches 10 out of 10. AR 44, 53. She testified surgery was planned for her Chiari malformation. AR 49. She stated she could comfortably lift five pounds, could walk 30 minutes before needing to rest due to back pain, and could sit 30 minutes before needing to get up due to back pain. AR 52, 54.

In making an adverse credibility determination, the ALJ found Plaintiff's testimony inconsistent with (1) objective medical evidence; (2) Plaintiff's conservative course of treatment; and (3) Plaintiff's activities of daily living. AR 25.

With respect to the ALJ's first reason, an ALJ may consider the objective evidence as one of a number of relevant factors when evaluating the reliability of symptom testimony. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Here, the ALJ first noted that Plaintiff had presented to a neurologist in July 2018 and endorsed experiencing headaches three times a week; in another visit in September 2018, Plaintiff complained of headaches and MRI scanning showed a Chiari I malformation, but Plaintiff also stated that she had not had a headache for two months. AR 24

(citing AR 442–47). When Plaintiff again sought medical treatment in January and April 2020, it was for respiratory issues; while Plaintiff endorsed arm tingling and some neck pain, she was negative for eye pain or blurred vision. AR 675–87, 698–704. Beginning in late April 2020, in renewed visits with her neurologist, Plaintiff endorsed worsening headaches and numbness and MRI scans showed a continued Chiari I malformation, but without evidence of complication. AR 24 (citing AR 737–40, 745).

The ALJ also noted, in reviewing the longitudinal record, that treatment notes showed Plaintiff consistently reported her pain level as 0 to 2 out of 10. AR 24 (citing AR 294, 299, 302, 307, 309, 466, 472, 476, 484, 490, 728). In addition, the ALJ found that Plaintiff was repeatedly noted to be negative for musculoskeletal symptoms, including neck, back, and joint pain, and had unremarkable neurologic exams. AR 24 (citing AR 283–84, 410, 418, 426, 447, 517–18, 524, 629, 646–47, 656, 660, 669–70, 672, 677–78, 692, 697, 700, 737).

In addition to finding inconsistency with Plaintiff's complaints in the longitudinal record, the ALJ noted that Plaintiff followed a conservative course of treatment. Conservative treatment is "sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007). As the ALJ noted, the record showed routine medical visits with little mention of headaches or upper body pain. AR 410–32, 457–94, 619–41, 657–64. The record also shows a significant gap of nearly two years during which Plaintiff did not treat with her neurologist. AR 435-44, 736–39. The amount of treatment is "an important indicator of the intensity and persistence of [Plaintiff's] symptoms." 20 C.F.R. § 416.929(c)(3).

In sum, the ALJ relied on an abundance of objective medical evidence and conservative treatment to show that plaintiff's allegations regarding the severity of her impairments were contradicted by the medical evidence. Although the ALJ provided additional reasoning to

support his decision, the Court need not uphold all of an ALJ's reasons for discounting a claimant's testimony to affirm the ALJ's decision, so long as that decision enjoys the support of substantial evidence. *Carmickle*, 533 F.3d at 1162. Here, the ALJ's decision to reject plaintiff's subjective symptom testimony was supported by substantial evidence; thus, the ALJ did not err in rejecting this testimony.

**III. Whether the ALJ Properly Evaluated Lay Witness Statements.**

Next, Plaintiff avers that the ALJ improperly rejected the lay witness statement of Plaintiff's friend, Rebecca Pope. Dkt. 13, p. 10.

Lay witness evidence may be discounted by an ALJ if the ALJ "gives reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay witness evidence, the ALJ need not cite to the specific record if "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001).

In a statement dated February 26, 2019, Pope indicated that she saw Plaintiff three times each week and seconded Plaintiff's complaints of intermittent numbness and immobilizing headaches. AR 224–28. The ALJ found that

> [Pope's] statements support the claimant's allegations, having witnessed the claimant in her day-to-day life, but do not establish that the claimant is disabled. Although the statements are generally credible as to their observations, they are inconsistent with the medical evidence of record, which does not fully support the claimant's allegations.

AR 26.

Inconsistency with the medical evidence is a germane reason sufficient to discredit lay witness evidence. *Bayliss*, 427 F.3d at 1218. As discussed above, *supra* Section II, the ALJ

properly found that medical evidence did not support the degree of limitation reported by Plaintiff, and this reasoning was equally applicable to Ms. Pope's statement. AR 224–35. Plaintiff has not shown error in the ALJ's reliance on this reasoning.

**IV. Whether the ALJ Erred at Step Five.**

Plaintiff avers that the ALJ erred at step five of the sequential evaluation process by failing to account for all of Plaintiff's alleged limitations and by finding Plaintiff could perform work for which jobs did not exist in significant numbers in the national economy. Dkt. 18, pp. 11–14.

At step five, the Commissioner has the burden to identify jobs that exist in significant numbers that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). One of the ways the Commissioner can satisfy this burden is with the testimony of a vocational expert. 20 C.F.R. § 404.1566; *Tackett*, 180 F.3d at 1098–99. Here, the ALJ asked the vocational expert whether a person with Plaintiff's age, education, work history, and RFC could perform any jobs. AR 1065–67. The vocational expert testified that such person could perform representative occupations such as Auto Detailer, Industrial Cleaner, and Small Products Assembler. AR 74–76.

The ALJ's RFC finding and vocational hypothetical presented to the vocational expert properly accounted for all of Plaintiff's limitations that the ALJ found credible. Plaintiff bases her contentions to the contrary on her arguments regarding the ALJ's evaluation of the opinion evidence and her subjective allegations. A claimant does not establish that an ALJ's step four and step-five determination is incorrect by simply restating her arguments that the ALJ improperly discounted the medical and testimonial evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Given the ALJ's RFC finding and vocational hypothetical

1 | question reflected a proper clarification of Plaintiff's limitations, as demonstrated above,
2 | Plaintiff does not show error.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 7th day of June, 2022.

*/s/ David W. Christel*

David W. Christel
United States Magistrate Judge